```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

DERRICK S. TAYLOR              ]
    Petitioner,             ]
                               ]
v.                             ]     No. 3:14-1788
                               ]     Judge Trauger
JAMES M. HOLLOWAY, Warden[1]    ]
    Respondent.             ]


**O R D E R**

The Court has before it a *pro se* prisoner petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus, and an application (Docket Entry No.2) to proceed in forma pauperis.

It appears from the application that the petitioner lacks sufficient financial resources from which to pay for the filing of his petition. Therefore, the Clerk shall file the petition in forma pauperis. 28 U.S.C. § 1915(a).

The petitioner is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. Nashville. He brings this action against James Holloway, Warden of the facility, challenging his 2009 convictions for attempted especially aggravated robbery

---

[1] The petitioner has not named anyone as respondent to this action. However, the proper respondent in a § 2254 action is the state officer having custody of the petitioner. Rule 2(a), Rules Governing § 2254 Cases. The Court takes judicial notice that James Holloway is currently the Warden at the West Tennessee State Penitentiary.

and attempted first degree murder.

The petitioner has already attacked these convictions at least once before in an earlier § 2254 action. Derrick S. Taylor v. Jerry Lester, Warden, Civil No.3:13-1275 (M.D. Tenn.)(dismissed on 3/12/14 for being untimely and for procedural default). That action was considered and dismissed on the merits. *See* In re Cook, 215 F.3d 606,607-608 (6th Cir.2000)(the dismissal of a prior habeas petition for a procedural default is a dismissal on the merits).

Before a second or successive petition may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Apparently, the petitioner has not yet sought and obtained the authorization from the Sixth Circuit Court of Appeals needed for this Court to consider his current petition.

Accordingly, the Clerk shall TRANSFER this case to the Sixth Circuit Court of Appeals for further consideration. 28 U.S.C. § 1631; In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge